## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| **LORENA SCOTT VIERA,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | |
| | ) | **CIVIL ACTION NO.** |
| **JPMORGAN CHASE BANK,** | ) | |
| **NATIONAL ASSOCIATION AND** | ) | _____ |
| **EQUIFAX INFORMATIONAL** | ) | |
| **SERVICES, LLC,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1331, 1441, and 1446, JPMorgan Chase Bank, N.A., ("Chase"), by and through its undersigned counsel, appearing specially so as to preserve any and all defenses available under Rule 12 of the Federal Rules of Civil Procedure, any and all defenses under the federal laws of bankruptcy and specifically preserving the right to demand arbitration pursuant to contractual agreements and the Federal Arbitration Act, 9 U.S.C. §§ 1, *et seq.*, hereby gives notice of the removal of this action from the Superior Court of Fulton County, Georgia, to the United States District Court for the Northern District of Georgia, Atlanta Division. As grounds in support of this Notice of Removal, Chase respectfully states as follows:

61301842 v2

## I. <u>PROCEDURAL HISTORY</u>

1.      Plaintiff Lorena Scott Viera ("Plaintiff") commenced this action by filing a Complaint in the Superior Court of Fulton County, Georgia against Chase and Equifax Information Services, LLC on May 19, 2025. The Complaint was assigned case number 25CV006776. (*See* Complaint, attached hereto with the state court file as **Exhibit A**).

2.      The Complaint was served on Chase on May 21, 2025.

3.      The Complaint alleges that Chase violated the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, *et seq.*, by reporting inaccurate information on Plaintiff's credit report. (*See* Ex. A.)   FCRA claims are within the original jurisdiction of this Court.  *See* 15 U.S.C. § 1681p.

4.      This case is properly removable, pursuant to 28 U.S.C. § 1441, which provides in pertinent part as follows:

> (a)      Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

28 U.S.C. § 1441(a).

5.       Accordingly, this matter is properly removable under 28 U.S.C. § 1441 as the United States District Court for the Northern District of Georgia has original jurisdiction over this case under 28 U.S.C. § 1331.

## II. <u>SUBJECT MATTER JURISDICTION EXISTS OVER THIS ACTION</u>

6.      This case is within the original jurisdiction of this Court under § 1331, which provides that U.S. District Courts have "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."  28 U.S.C. § 1331.

7.      This is a civil action arising under the Constitution, laws, or treatises of the United States because Plaintiff is asserting claims against Defendants under the FCRA, a federal statute.  *See* 15 U.S.C. § 1681, *et seq.* (*See* Ex. A, Compl.)

8.      Accordingly, federal question jurisdiction exists, as Plaintiff's FCRA claim arises under the laws of the United States and could have been originally filed in this Court.  *See* 15 U.S.C. § 1681p.  Because it is within the original jurisdiction of this Court, this action is removable from state court to this Court.  *See* 28 U.S.C. § 1441(a).

9.      This Court also has supplemental jurisdiction over any other claims by Plaintiff.  *See* 28 U.S.C. §§ 1367 & 1441.

## III. <u>ADOPTION AND RESERVATION OF DEFENSES</u>

10.      Nothing in this Notice of Removal shall be interpreted as a waiver or relinquishment of any of Chase's rights to assert any affirmative defenses, including, but not limited to, the defenses of: (1) lack of jurisdiction over the person; (2) improper venue; (3) insufficiency of process; (4) insufficiency of service of process;

(5) improper joinder of claims and/or parties; (6) failure to state a claim; (7) the mandatory arbitrability of some or all of the claims; (8) failure to join indispensable parties; or (9) any other pertinent defense available under Georgia law and/or Fed. R. Civ. P. 12, any state or federal statute, or otherwise.  Chase also reserves the right to demand arbitration pursuant to any contractual agreements with Plaintiff and the Federal Arbitration Act, 9 U.S.C. §§ 1, *et seq.*

## IV. <u>PROCEDURAL REQUIREMENTS</u>

11.    This case is a civil action within the meaning of the Acts of Congress relating to the removal of cases.

12.    True and correct file-stamped copies of "all process, pleadings, and orders" from the state court action are attached hereto as **Exhibit A** in conformity with 28 U.S.C. § 1446(a).  There are no other process, pleadings, or orders served upon Chase to date in this case.

13.    This Notice of Removal is filed within the time frame set forth in 28 U.S.C. § 1446.  This action was filed on May 19, 2025, and Chase was served with process on May 21, 2025.

14.    All necessary and properly joined Defendants have or will consent to this Notice of Removal within the time permitted. *See* **Exhibit B**.

15.    Chase has not previously sought similar relief.

16.     The United States District Court for the Northern District of Georgia, Atlanta Division, is the District and Division embracing the place where this action is pending in state court.

17.     Chase reserves the right to supplement this Notice of Removal by adding other grounds or jurisdictional defenses which may independently support a basis for removal.

18.     Contemporaneously with the filing of this Notice of Removal, Chase has filed a copy of same, along with a Notice of Filing Notice of Removal, with the clerk of the Superior Court of Fulton County, Georgia.  Written notice of the filing of this Notice of Removal has also been served upon Plaintiff.

**WHEREFORE,** Chase prays that this Court assume full jurisdiction over this action as provided for by law, and issue all necessary orders and process to remove this action from the Superior Court of Fulton County, Georgia, to the United States District Court for the Northern District of Georgia, Atlanta Division.

Respectfully submitted this 18th day of June, 2025.

*/s/ Joseph H. Stuhrenberg*
Joseph H. Stuhrenberg
Georgia Bar No. 398537
jstuhrenberg@burr.com

*Attorney for Defendant*
*JPMorgan Chase Bank, N.A.*

5

**BURR & FORMAN LLP**
1075 Peachtree Street NE
Suite 3000
Atlanta, Georgia 30309
Telephone: (404) 815-3000
Facsimile: (404) 817-3244

61301842 v2

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 18th day of June, 2025, I electronically filed the foregoing **NOTICE OF REMOVAL** with the Clerk of Court using the CM/ECF system and served a copy of the same on Plaintiff's counsel of record in the state court action via the United States Postal Service, postage prepaid, with a courtesy copy provided via email:

LaTonya Sims, Esq.
Law Offices of Robert S. Gitmeid & Associates, PLLC
100 Galleria Parkway, Suite 1570
Atlanta, GA 30339
LaTonya.S@gitmeidlaw.com

*/s/ Joseph H. Stuhrenberg*
Joseph H. Stuhrenberg
Georgia Bar No. 398537
jstuhrenberg@burr.com

*Attorney for Defendant*
*JPMorgan Chase Bank, N.A.*

**BURR & FORMAN LLP**
1075 Peachtree Street NE
Suite 3000
Atlanta, Georgia 30309
Telephone: (404) 815-3000
Facsimile: (404) 817-3244

7

61301842 v2